IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHERRY O'NEAL                                                                                    PLAINTIFF

v.                        CASE NO. 11-2032

WAL-MART STORES, INC., LLC                                                        DEFENDANT

## PROTECTIVE ORDER

It appearing to the Court that the Parties to this action, Plaintiff Sherry O'Neal and Defendant Wal-Mart Stores Arkansas, LLC (erroneously sued as "Wal-Mart Stores, Inc."), by their respective counsel, have entered into a Stipulation for Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure in connection with discovery requests in this action, therefore in accordance with the parties' Stipulation for Protective Order it is ORDERED:

1. This Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

    (a) Any and all documents referring or related to confidential and proprietary human resources or business information; financial records of the parties; compensation of Defendant's current or former personnel; policies, procedures and/or training materials of Defendant; and/or Defendant's organizational structure;

    (b) Any documents from the personnel, medical or workers' compensation file of any current or former employee or contractor;

    (c) Any documents relating to the medical and/or health information of any of Defendant's current or former employees or contractors;

    (d) Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits;

    (e) Plaintiff's income tax returns and other documents which contain private, confidential information including, but not limited to, social security numbers, financial information, medical records and home address.

1670119.1

2. In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential. The Parties will use their best efforts to limit the number of documents designated Confidential.

3. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

4. Qualified recipients shall include only the following:

 (a) In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

 (b) Deposition notaries and staff;

 (c) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

 (d) Deponents during the course of their depositions or potential witnesses of this case; and

 (e) The Parties to this litigation, their officers and professional employees.

5. Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order.

6. Persons to whom confidential information is shown shall be informed of the terms of this Protective Order and advised that its breach may be punished or sanctioned as contempt

1670119.1

of the Court. Such deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

7. If either Party objects to the claims that information should be deemed Confidential, that Party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential materials that the information should not be so deemed, and the Parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the Parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status. The information shall continue to have Confidential status during the pendency of any such motion.

8. No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the Parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under this Protective Order.

9. All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of this litigation and not for any other purpose.

10. The termination of this action shall not relieve the Parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Protective Order.

11. Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), all previously furnished Confidential Information, including any copies thereof, and each person or Party to whom such Confidential Information has been furnished or produced shall either return it or provide notification that it has been destroyed.

12. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

IT IS SO ORDERED THIS 17th DAY OF August, 2011.

/s/ Robert T. Dawson  
ROBERT T. DAWSON  
U.S. DISTRICT JUDGE

1670119.1